

Your Missouri Courts

Missouri Case.net

Search for Cases by: Select Search Method...

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**    GrantedPublicAccess Logoff PJDUNNE1956

**15SL-CC01619 - THEODORE J LOEFFLER ETAL V HOLLYWOOD CASINO ETAL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case  Click here to Respond to Selected Documents  Sort Date Entries:  ● Descending  ○ Ascending    Display Options: [All Entries ▾]

---

**10/14/2015**    ☐ Petition:

AMENDED PETITION

**08/19/2015**    ☐ Order of Dismissal

dismissed without prejudice SO ORDERED: JUDGE JOHN D. WARNER JR.

☐ **Motion Hearing Held**

 Scheduled For: 08/19/2015; 8:30 AM ; JOHN D WARNER JR; St Louis County

**07/07/2015**    ☐ Order of Dismissal

PLT DISMISSES HOLLYWOOD CASINO WITH PREJUDICE SO ORDERED: JUDGE JOHN D. WARNER JR.
 Associated Entries: 06/29/2015 - Motion to Dismiss

☐ **Motion Hearing Scheduled**

 Associated Entries: 08/19/2015 - Motion Hearing Held
 Scheduled For: 08/19/2015; 8:30 AM ; JOHN D WARNER JR; St Louis County

**06/29/2015**    ☐ Notice of Hearing Filed

Notice of Hearing; Electronic Filing Certificate of Service.
 Filed By: PETER JOSEPH DUNNE
 On Behalf Of: MARYLAND HEIGHTS POLICE DEPARTMENT, CITY OF MARYLAND HEIGHTS, GREGORY ORTLIP

☐ Motion to Dismiss

AND JOANNE C LOEFFLER
 Filed By: THEODORE J LOEFFLER
 Associated Entries: 07/07/2015 - Order of Dismissal

**06/22/2015**    ☐ Answer Filed

Answer and Affirmative Defenses of Defendant St. Louis Gaming Ventures, LLC d/b/a Hollywood Casino to Plaintiff's Petition.
 Filed By: GREGG A KINNEY
 On Behalf Of: HOLLYWOOD CASINO

☐ Entry of Appearance Filed

Entry of Appearance and Jury Demand.
 Filed By: GREGG A KINNEY
 On Behalf Of: HOLLYWOOD CASINO

**06/19/2015**    ☐ Memorandum Filed

 Filed By: PETER JOSEPH DUNNE
 On Behalf Of: MARYLAND HEIGHTS POLICE DEPARTMENT, CITY OF MARYLAND HEIGHTS, GREGORY ORTLIP

EXHIBIT

A, State Court File

exhibitsticker.com

**Motion to Dismiss**

Motion to Dismiss.
**Filed By:** PETER JOSEPH DUNNE

05/22/2015    **Corporation Served**

Document ID - 15-SMCC-3698; Served To - MARYLAND HEIGHTS POLICE DEPARTMENT; Server - WONSEWITZ, JAMES; Served Date - 20-MAY-15; Served Time - 00:00:00; Service Type - Territory 10; Reason Description - Served; Service Text - LC

**Corporation Served**

Document ID - 15-SMCC-3697; Served To - HOLLYWOOD CASINO; Server - WONSEWITZ, JAMES; Served Date - 20-MAY-15; Served Time - 00:00:00; Service Type - Territory 10; Reason Description - Served; Service Text - LC

**Corporation Served**

Document ID - 15-SMCC-3700; Served To - ORTLIP, GREGORY; Server - WONSEWITZ, JAMES; Served Date - 20-MAY-15; Served Time - 00:00:00; Service Type - Territory 10; Reason Description - Served; Service Text - LC

**Corporation Served**

Document ID - 15-SMCC-3699; Served To - CITY OF MARYLAND HEIGHTS; Server - WONSEWITZ, JAMES; Served Date - 20-MAY-15; Served Time - 00:00:00; Service Type - Territory 10; Reason Description - Served; Service Text - LC

05/14/2015    **Summons Issued-Circuit**

Document ID: 15-SMCC-3699, for CITY OF MARYLAND HEIGHTS. HAND DELIVERED TO ST. LOUIS COUNTY SHERIFF

**Summons Issued-Circuit**

Document ID: 15-SMCC-3700, for ORTLIP, GREGORY. HAND DELIVERED TO ST. LOUIS COUNTY SHERIFF

**Summons Issued-Circuit**

Document ID: 15-SMCC-3698, for MARYLAND HEIGHTS POLICE DEPARTMENT. HAND DELIVERED TO ST. LOUIS COUNTY SHERIFF

**Summons Issued-Circuit**

Document ID: 15-SMCC-3697, for HOLLYWOOD CASINO. HAND DELIVERED TO ST. LOUIS COUNTY SHERIFF

05/11/2015    **Confid Filing Info Sheet Filed**

**Pet Filed in Circuit Ct**

**Judge Assigned**

DIV 15

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

FILED

MAY 1 1 2015

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

THEODORE J. LOEFFLER )
)
and )
)
JOANNE C. LOEFFLER, )    Cause No.
)
      Plaintiffs, )    Division:  15SL-CC01619
)               15
vs. )
)
HOLLYWOOD CASINO. )
Serve at: 777 Casino Center )
Dr., Maryland Heights MO 63043, )
)
and )
)
MARYLAND HEIGHTS POLICE DEPART-)
MENT and the CITY OF MARYLAND )
HEIGHTS and, individually, )
Officer GREGORY ORTLIP. )
Serve at: 11911 Dorsett Rd., )
Maryland Heights MO 63043, )
)
      Defendants. )

## PETITION

COME NOW Plaintiffs, Theodore J. and Joanne C. Loeffler,
and for their cause of action against the aforementioned Def-
endants, state as follows:

1. The Plaintiffs are husband and wife, currently residing
as such in Chesterfield, Missouri since 1970 and, individually,
since the 1960's and 1950's, respectively.  They have been re-
tired since 2002.

2.  The Loefflers are filing this action Pro Se, thusly
affording the Court a rare opportunity to hear the unadulterated,
unmanipulated truth, at least from the Plaintiffs' side.  Being
a Pro Se filing, Plaintiffs must grammatically refer to them-
selves in the "third person."

3.   Defendant Hollywood Casino, a local gambling hall owned by Penn National Gaming, is being sued as a business guilty of violating Plaintiffs' constitutional and civil rights by stealing $40 from Plaintiff T. Loeffler through extortion, which directly caused physical injury, false arrest and imprisonment, and public ridicule and humiliation to T. Loeffler individually, as well as emotional pain and suffering to both Plaintiffs. The extortion occurred at a blackjack table on Defendant's casino floor.  On that day, Plaintiff Joanne C. Loeffler was not there.

4.   Defendant Maryland Heights Police Department/City of Maryland Heights, and Ortlip are being sued as agencies and an individual, respectively, guilty of violating Plaintiffs' civil and constitutional rights through harassment, arrest absent probable cause, false arrest, unwarranted and excessive force, assault, police brutality, false imprisonment, reckless miscon- duct, and public ridicule and humiliation to T. Loeffler indivi- dually, as well as emotional pain and suffering to both Plaint- iffs.  Additionally, Ortlip is being sued as an individual guilty of filing a false police report (Offense/Incident Report) fraught with one blatant lie after another.

5.   The events precipitating this Petition originated at Hollywood Casino (formerly Harrah's Casino).  Plaintiff T. Loef- fler patronized this casino regularly since it began operation in the late 1990's, frequenting the venue, on average, at least weekly before he retired and even more frequently after he re- tired.  Visiting the casino was recreational as well as social

-2-

for him, in that he had become friends with numerous casino employees and other regular patrons, many for over a decade.

6.  Hollywood Casino employs "pit bosses," each responsible for carefully monitoring a handful of blackjack tables to ensure that the dealer does not err.  Their job is to "watch the cards."

***

7.  At approximately 7 p.m. on May 11, 2013, T. Loeffler was playing at a Hollywood Casino blackjack table.  A pit boss was standing behind the dealer, waited until the hand ended and then proclaimed that, according to video "surveillance" (not according to his eyewitness observation), "the dealer paid out when she shouldn't have" on a hand prior to the present one.  He then impolitely pointed at Plaintiff T. Loeffler and said, "You owe forty."  Stunned, T. Loeffler asked the pit boss to offer actual proof, and he said, "Surveillance says so." Plaintiff T. Loeffler then stated that he had seen no mistake by the dealer and asked the two other players at the table if they had observed a dealer mistake, and both emphatically and resentfully responded, "No!"  That response from the two other players resulted in a total of four people immediately at the table itself (three players and, quite obviously, the dealer herself) who did not see an alleged "mistake" by the dealer. Moreover, the pit boss himself observed no impropriety, either, **and that is his job**.  Instead, he belatedly alleged that the dealer had erred because some cryptic, nonpresent surveillant "says so."  Again, when asked by the players to prove his claim,

-3-

the pit boss would not do so, mindlessly repeating his conven-
iently nonevidentiary "surveillance says so" refrain.

    8.  As an experienced blackjack player at casinos since
1970, and having **never** been issued a gruff, unprovable, demand-
ing ultimatum that he "owed" the casino money, **which Hollywood
had previosly paid to him and therefore had become his prop-
erty**, T. Loeffler asked the pit boss to have the dealer "back
up the cards."  This procedure entails the dealer's redealing
the discards from previous hands that were placed sequentially
in exact reverse order in a "shoe" by the dealer and then dealt
backwards so that the previous hands are replicated, thusly
resolving irrefutably and unequivocally any question of dealer
error.  Plaintiff T. Loeffler, along with many other players,
has observed this practice and its incontrovertible result quite
a few times over the years, including at Defendant's casino.
It is a customary, foolproof method relied upon by casinos for
decades whereby unquestionable resolution is established and
proven.  Unbelievably, however, this particular pit boss refused
to allow the dealer to back up the cards.  That marked the first
and only time that Plaintiff, having played casino blackjack
since 1970, encountered some pompous pit boss who adamantly
refused to implement the indisputable clarification provided
by the dealer's "backing up" of the cards, a simple process
that would have resolved Hollywood's bizzare claim quickly.

    9.  At that point, T. Loeffler, by then exasperated with
the imperious, threatening, inexplicable conduct of the pit

boss, suggested taking his chips (including the $40 in question) and simply leaving the casino, to which the pit boss replied to Plaintiff T. Loeffler, "Sure." **With having received that "permission" from the pit boss**, T. Loeffler rose from his chair, gathered his chips, left the table and attempted to exit the casino (exit try #1).

10.  Soon thereafter, Plaintiff T. Loeffler was physically intercepted by two Missouri Highway Patrolmen who demanded that he give the casino $40 and, if he did not, the police would be summoned. So, in order to expedite the matter, go home and pursue the $40 at a later date, T. Loeffler returned to the table and turned over $40 (his property) in extortion chips to the casino. Obviously, that "later date" for pursuing the $40 has arrived.

11.  Plaintiff T. Loeffler then left the table and, yet again, tried to exit the casino floor for the second time (exit try #2) but was swarmed and verbally harassed nonstop by the patrolmen, said to be Thornhill and Myers, who were clearly, deliberately impeding Plaintiff's exit from the casino floor to the casino entrance lobby. **At no time did they instruct or order T. Loeffler to leave Defendant Hollywood's property, because he was already, quite doubtlessly and unmistakably, attempting to leave**. To the contrary, Thornhill and Myers were trying their damnedest to start a fight.

12.  Seconds later, a Maryland Heights policeman, Defendant Ortlip, came literally charging upon the scene, appearing to

-5-

be "looking for action" and "showing off" in front of the younger patrolmen, closely engaging T. Loeffler as the Plaintiff tried to leave (exit try #3). When T. Loeffler had finally struggled to the lobby and walked towards the men's restroom, as was his routine before leaving the casino, Defendant Ortlip grasped Plaintiff T. Loeffler's arm, spun him around and stated that Plaintiff could not use the restroom. Ortlip then obstructed T. Loeffler's path and physically blocked access to the restroom door, suddenly blurting that Plaintiff was under arrest. Incredulous, T. Loeffler said that he needed to go to the bathroom and asked why he was under arrest, and a wild-eyed Ortlip replied, "Trespassing. Turn around and put your hands behind your back." Defendant Ortlip then immediately reached out with his hands and quickly walked at Plaintiff, grabbing and slapping at his hands while repeating, "Quit resisting." T. Loeffler was **not resisting** at all and, in fact, **did turn around**, even though Ortlip allowed virtually no time to do so. **At no time did Ortlip instruct or order Plaintiff to leave Defendant Hollywood's property**, a requisite element of trespassing. Even if he **had** been told to leave, he was already attempting to do so but was being impeded by the Defendants.

13. After Plaintiff turned around, he was instantaneously blindsided **from behind** with a cowardly and forceful tackle, causing him to slam headfirst against the lobby's tile floor, damaging his eyeglasses. The assault continued with Defendant pouncing upon T. Loeffler with his full weight, crushing his

-6-

skull against the hard lobby floor with, evidently, his knees. Defendant's unnecessary, unreasonably excessive force and brutality with no probable cause whatsoever resulted in shoulder and substantial facial and head injuries to Plaintiff. Photos were taken of said injuries two days after the vicious attack by Defendant and prove extensive left forehead swelling and bruising, a blackened left eye, blood on the white of the left eye, and multiple abrasions of the wrists that bled due to deliberately overtightened handcuffs. Several days later the wounds worsened considerably, taking over a month to heal and disappear. Because of the unflattering nature of these photos, Plaintiffs prefer to present them to the Court in person, in the hope that the Loefflers might avoid possible public embarrassment.

14. After assaulting Plaintiff and handcuffing him, Ortlip, Thornhill and Myers yanked the concussed T. Loeffler to his feet from the floor of the crowded lobby and paraded him, in front of dozens of people, to some room within Defendant Hollywood's building. From the site of the assault to this room, about a full minute walk, Plaintiff's sweatpants were falling down as a result of the assault, so T. Loeffler apprised Ortlip of the degrading circumstance (of which Ortlip was surely aware), and Defendant Ortlip **finally** pulled up Plaintiff's pants from the back. This public humiliation of T. Loeffler was being perpetrated by Defendant while casino patrons on foot and sitting on lobby benches were mere feet away.

15. Once inside the aforementioned room, an "EMT" said

-7-

to be Matt Whitener briefly dabbed at Plaintiff's eye.  T. Loeffler noticed his nametag of "Matt" and, thinking in terms of possible witnesses, asked what his last name was.  Ortlip then derisively bellowed to Thornhill and Myers, "What's he gonna do, ask him for a date?"  All three laughed loudly at Ortlip's slanderous, homosexual innuendo that was witnessed by Whitener.

16.  Defendant Ortlip then transported Plaintiff, in pain and unable to sit upright due to the deliberately overtightened handcuffs, to the Maryland Heights jail.

\*\*\*

17.  At the jail, T. Loeffler was put in a chair and could feel blood dripping down his hand and mentioned it to Ortlip, who did nothing about the bleeding and overtightening until another policeman showed up.  During the booking Ortlip was obnoxious, combative and insulting.  He failed to afford Plaintiff the opportunity to make a phone call until being put into a cell.

18.  The next day, T. Loeffler was bailed out by Tom Lake, his cousin-in-law, who was appalled at Plaintiff's injuries.

\*\*\*

19.  Maryland Heights charged T. Loeffler with trespassing, resisting arrest, and strong arm assault of a police officer, all ludicrous charges based upon the unlawful fabrications of Defendant Ortlip.  Plaintiff subsequently retained a criminal defense lawyer, Gary Sarachan, who advised T. Loeffler to delay any civil action until the disposition of the criminal phase,

-8-

which took, unexpectedly, over fourteen months.

20.   Towards the end of that fourteen-month period, at the
end of April, 2014, counsel for Maryland Heights, Prosecuting
Attorney Steven S. Fluhr, made an offer of settlement to T.
Loeffler, via counsel, that was preposterous and completely
unacceptable to both Plaintiffs.  The Loefflers then opted,
quite definitely, to take the matter to trial.

21.   During the first week of June, Sarachan sent Fluhr
several of the photos mentioned earlier (paragraph 13) that
quite clearly depicted an assaulted, "beat up" T. Loeffler.

22.   Later in June, Sarachan filed Notices of Deposition
naming Defendants Thornhill, Myers and Ortlip as deponents.

23.   In a letter dated July 10, 2014, sent to Plaintiffs'
lawyer Sarachan, Prosecutor Fluhr states that the charges of
Assault and Trespassing had been reduced to Littering, and
the charge of Resisting Arrest was abandoned and dismissed.
A copy of this letter is attached hereto and designated as
"Exhibit A."  Three weeks later this agreement was approved
of and finalized by both parties.

24.   The Loefflers signed off on this deal in the name of
expediency and financial considerations, and in no way whatsoever
agree that these reduced charges are even remotely warranted.
After all, why would charges of such serious crimes as trespas-
sing, resisting arrest, and strong arm assault of a police off-
icer be dropped or reduced to littering?  Perhaps the photos
and Notices of Deposition had something to do with it.

-9-

\*\*\*

25.   Backing up chronologically, two days after the incident of May 11, 2013, T. Loeffler phoned Defendant Hollywood and spoke to different employees concerning surveillance cameras at the casino, and was told that they are "just about everywhere."   Plaintiff, of course, wanted these tapes (and still does) because they support his claims and refute Ortlip's. Defendant Hollywood would not agree to produce the tapes.

26.   Two days later, Plaintiff contacted Gary Sarachan for the first time concerning this matter and he, too, phoned Hollywood, advising them to preserve the surveillance tape of the assault on T. Loeffler.   Sarachan then followed up with two letters of confirmation, dated May 16, 2013, and July 17, 2014. Copies of these letters are attached hereto and designated as "Exhibit B" and "Exhibit C."

\*\*\*

27.   Defendant Ortlip, on the night of May 11, 2013, composed a concoction called an Offense/Incident Report that furnished his "narrative," purporting to describe the events of, and leading up to, Defendant's eventual assault and unlawful arrest and imprisonment of Plaintiff T. Loeffler that night. This narrative begins at the bottom of the first page and concludes on the second page of the Offense/Incident Report.   Copies of these two pages are attached hereto and designated as "Exhibit D."

28.   All through this narrative Ortlip claims that Plaintiff

-10-

refused to leave the property, **which is a lie**, and that he was ordered to do so, **which is another lie**. As before stated in this Petition, T. Loeffler was trying to leave, and even asked earlier for "permission," though not needed, from the pit boss to do so (paragraph 9). For the sake of argument, even if Plaintiff **had** been told to leave, which he was not, he would have been compliant because that is what he was **trying to do**. Further, with all of Ortlip's claims that T. Loeffler would not leave, he nevertheless wrote at the beginning of his narrative that he observed the two patrolmen "escorting a subject" off property," which means Plaintiff in fact had to be leaving. "Trespassing" was reduced to "littering" because no trespass existed.

    29. Ortlip then goes on about the restroom scenario, failing to mention that he told T. Loeffler that he was under arrest, slapping at his hands and forcing him to turn around for the assault (paragraph 12). Instead, he claims that, "Once I touched Loeffler he turned and attempted to strike me." Yet again, **that is a lie**, and by far the most desperate in an attempt to tailor his narrative so that he might get away with his reckless, damaging and, evidently, satisfying misconduct. His claims of excessive "cussing" by T. Loeffler are untrue as well.

    30. Plaintiff, obviously, never "attempted to strike" Ortlip. The charge of "strong arm assault of a police officer" was based upon a lie and subsequently reduced to "littering."

***

31.   Plaintiff Theodore J. Loeffler is "pushing 70 years old."  When he turned around for Ortlip and did not flee, the **three** individuals could have quite simply grasped T. Loeffler's arms and easily handcuffed him instead of damn near killing him or permanently disabling him.  His glasses could have gouged his eyes and his teeth could have been knocked out.  If he had had a pacemaker he might have died on the spot.  Such insanity is unfathomable, especially when considering the fact that Plaintiff did nothing to warrant such violence by these thugs.

32.   Starting on the day after this incident, T. Loeffler was subjected to virtual "house arrest" for a month due to his grotesque appearance caused by Defendants.  He was deprived of partaking in a family Mother's Day celebration, the day after the assault, that included his wife, daughter and son-in-law, and two grandchildren.  To add insult to injury, literally, T. Loeffler had to suffer the embarrassment of informing his daughter of the reason that her father could not attend her annual family function, to which she had devoted much time and preparation.  Moreover, Plaintiff, who visited with his daughter and grandchildren at least weekly then, could not see them for a month due to head and face injuries inflicted by Defendants. Happy Mother's Day.

33.   During this period of "house arrest," T. Loeffler was forced to eschew all contact with friends and had to cancel a pre-surgery eye appointment for cataract removal.

-12-

WHEREFORE, Plaintiffs ask the Court to enter judgment on their behalf against Defendants in the amount of $1,670 in actual damages ($1,630 in fines and attorney's fees from Maryland Heights, and $40 in chips from Hollywood Casino), as well as their costs herein expended.  Plaintiffs also ask for punitive and compensatory damages, with the amounts to be determined by the Court.


Theodore J. Loeffler
Plaintiff (Pro Se)
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232

Joanne C. Loeffler
Plaintiff (Pro Se)
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232

JUL 14 2014

# FLUHR & MOORE, L.L.C.
## ATTORNEYS AT LAW
225 S. MERAMEC, SUITE 532T • CLAYTON, MO 63105
314-725-8002 • FAX 725-8006

*STEVEN S. FLUHR
STEPHEN C. MOORE
*LICENSED IN
MISSOURI AND ILLINOIS

SHERI E. SCHMITT
OFFICE ADMINISTRATOR

July 10, 2014

Mr. Gary Sarachan
Capes, Sokol, Goodman, & Sarachan, P.C.
7701 Forsyth Boulevard, Suite 1200
St. Louis, Missouri 63105

Re: *City of Maryland Heights vs. Theodore Loeffler*
    Case No.:  13SL-MU01063

Dear Gary:

I enclose a certified Traffic/Criminal Pretrial Memorandum amending the charges of Assault and Trespassing to Littering with a fine of $500 on each count, and nolle prossing the Resisting Arrest charge.  Please have your client sign and return to court prior to trial.

If you wish to discuss the foregoing, please call me.

Sincerely yours,

Steven S. Fluhr
Prosecuting Attorney for Maryland Heights

SSF/rsw
Enclosure



EXHIBIT
"A"

# CAPES ⬦ SOKOL ⬦ GOODMAN ⬦ SARACHAN ⬦ PC
## ATTORNEYS AT LAW

○ PIERRE LACLEDE CENTER
7701 FORSYTH BOULEVARD
TWELFTH FLOOR
ST. LOUIS, MISSOURI  63105-1818
PHONE 314-721-7701
FAX 314-721-0554
WWW.CAPESSOKOL.COM

GARY R. SARACHAN
DIRECT DIAL: 314-505-5440
DIRECT FACSIMILE: 314-505-5441
EMAIL: SARACHAN@CAPESSOKOL.COM

May 16, 2013

**VIA EMAIL – jeannie.fleming@pngaming.com**
**AND ORIGINAL BY U.S. MAIL**

Ms. Jeannie Fleming
c/o Hollywood Casino St. Louis
777 Casino Center Drive
Maryland Heights, MO 63043

Re:   My client:  Theodore J. Loeffler

Dear Ms. Fleming:

Confirming our telephone conversation of 1:20 p.m. today, the video surveillance tapes of the incident of May 11, 2013, at approximately 7:00 p.m. involving my client Theodore J. Loeffler will be preserved.

I will be in touch in the future regarding this surveillance tape.

In the event that the above-referenced surveillance tape is deleted, altered, modified or destroyed in any way, we will hold your company liable for all damages as a result of any such action.

Thank you for your anticipated cooperation.

Sincerely,

Gary R. Sarachan

GRS/lmd


EXHIBIT "B"



# CAPES ◦ SOKOL ◦ GOODMAN ◦ SARACHAN ◦ PC
### ATTORNEYS AT LAW

◦ PIERRE LACLEDE CENTER
7701 FORSYTH BOULEVARD
TWELFTH FLOOR
ST. LOUIS, MISSOURI  63105-1818
PHONE 314-721-7701
FAX 314-721-0554
WWW.CAPESSOKOL.COM

GARY R. SARACHAN
DIRECT DIAL: 314-505-5440
DIRECT FACSIMILE: 314-505-5441
EMAIL: SARACHAN@CAPESSOKOL.COM

July 17, 2014

**VIA EMAIL – jeannie.fleming@pngaming.com**
**AND ORIGINAL BY U.S. MAIL**

Ms. Jeannie Fleming
c/o Hollywood Casino St. Louis
777 Casino Center Drive
Maryland Heights, MO 63043

Re:     My client:  Theodore J. Loeffler

Dear Ms. Fleming:

Enclosed please find a copy of a letter to you from our office dated May 16, 2013.

The purpose of this letter is to renew our request that you do not delete, alter, modify or destroy the surveillance tape until further notice from this office.

Thank you for your anticipated cooperation.

Sincerely,

Gary R. Sarachan

GRS/lmd

Enclosure



# Maryland Heights Police Department

11911 Dorsett Road, Maryland Heights, MO 63043

## Offense / Incident Report

| Report Date | Type of Incident | | Complaint No. | Case Status |
|---|---|---|---|---|
| 05/11/2013 1917 | TRESPASSING (C) PRIVATE PROPERTY | | 13-03154 | CBA |

Occurred on   **05/11/2013 1917**   to   **05/11/2013 2054**

### Incident Location

| Street Address | | City | State | Zip Code |
|---|---|---|---|---|
| 777 CASINO CENTER DR | | MARYLAND HEIGHTS | MO | 63043 |
| Sector | Precinct | Geo | Ward | Latitude | Primary Location |
| 6 | 1 | 2330 | 4 | | HOLLYWOOD CASINO |
| Neighborhood | | Jurisdiction | | Longitude | Secondary Location |
| | | MARYLAND HGTS | | | CASINO |

### Dispatch Information

| Received Date / Time | Call Received Via | Dispatched Date / Time | Call Dispatched As | |
|---|---|---|---|---|
| 05/11/2013 1917 | ON VIEW | | DISTURBANCE | |
| Arrived Date / Time | Departed Date / Time | Offense Category | TTY Ref.# | TeleType Operator |
| 05/11/2013 1917 | 05/11/2013 2047 | 3700 | | |

### Officers

| ID | Name | Role | Primary | Arrived Scene | Departed Scene |
|---|---|---|---|---|---|
| 123 | ORTLIP, GREGORY | REPORTING | ☑ | | |
| 151 | DUNN, SCOT | ADDITIONAL | ☐ | | |

### Offenses

| Charge | | | | State Statute | State Charge Code | Category |
|---|---|---|---|---|---|---|
| Cause Number | Local Code | Jurisdiction | | Type/Class | | |
| TRESPASSING (C) PRIVATE PROPERTY | | | | 14-202 | 94320070 | 3700 |
| | 71300070 | MARYLAND HGTS | | ORD | | |
| ASSAULT (C) - POLICE OFFICER - STRONG ARM | | | | 14-101 | 90520990 | 1351 |
| | 70040120 | MARYLAND HGTS | | ORD | | |
| RESISTING ARREST (C) | | | | 14-402 | 96310990 | 3720 |
| | 76001010 | MARYLAND HGTS | | ORD | | |

### Offense / Incident Narrative

On Saturday, 05/11/2013 at approximately 19:13 hours I was conducting a safe patrol on foot at the Hollywood Casino. While walking the main floor towards the entrance I observed two Gaming Officers(Missouri State Highway Patrol) Corporal D.G. Thornhill DSN 946 and Corporal J.B. Myers DSN 964 escorting a subject off property.

I approached the Officer's as Cpl. Thornhill instructed the subject, later identified as one:

LOEFFLER, THEODORE J.

*EXHIBIT "D"*

| Reporting Officer    123    ORTLIP, GREGORY | Approving Officer ( I ) |
|---|---|
| | ( Cover Pages Only ) |
| Approving Officer ( II ) | |
| ( Cover Pages Only ) | |

© 1994 - 2013. Information Technologies, Inc. http://www.itiusa.com

Exhibit
C

# Maryland Heights Police Department

11911 Dorsett Road, Maryland Heights, MO 63043

## Offense / Incident Report

| Report Date | Type of Incident | Complaint No. | Case Status |
|---|---|---|---|
| 05/11/2013 1917 | TRESPASSING (C) PRIVATE PROPERTY | 13-03154 | CBA |

W/M 66, 11/04/1946
SSN: 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

that he had to leave property. Loeffler became very verbal with Cpl. Thornhill, cussing at him and pointing his finger in his face. Loeffler was refusing to cooperate with their verbal commands. I stepped in to assist and instructed Loeffler that if he refused to leave the property he would be arrested for trespassing. Loeffler then tried to walk away saying he was going to the restroom. I informed Loeffler that he was not allowed to use the restroom on property, telling him once again that he was banned from the casino and that he was to leave right away. I then took hold of Loeffler's left arm to escort him to the doors. Once I touched Loeffler he turned and attempted to strike me. Cpl's Thornhill, Myers, and I then brought Loeffler to the floor where upon he struck his head and face. Loeffler was then handcuffed behind his back using the handcuffs Cpl. Myers had available and brought to his feet and escorted to the Maryland Heights Police Substation on property. While he was being escorted to the substation he was uncooperative in walking. I gave verbal commands over and over to stop resisting and to walk. The subject was again very verbal, cussing all the way to the substation.

Once at the substation the subject was placed in the holding cage, waiting on the EMT with Hollywood Casino to arrive. EMT Whitener arrived and assessed the wound and applied medical attention. The subject had a small cut on the outside corner of his left eye and a contusion on his forehead. The EMT cleaned the wound and the subject refused any further medical attention. Loeffler was advised of his Miranda Rights and asked if he would like to make a statement. Loeffler again used profanity and told me to " FUCK OFF". Sergeant Scot Dunn, DSN 151 was notified of the incident and I transported Loeffler to the station for booking.

At booking Sgt. Dunn contacted Loeffler and attended his injuries again and took photographs. Those photographs were later uploaded to the 2013 PD Photo Files, under this report number.

I completed the booking procedures and placed Loeffler in a cell awaiting bond.

Warrant application to be made through the City of Maryland Heights.

## Property

| Quantity | Description | Make | Model | S/N | Ref. No. | Prop Status | Recovered ID/Date | Disposition | Value |
|---|---|---|---|---|---|---|---|---|---|
| 1.00 | DVD HOLLWOOD CASINO | | | | | SEIZED | | | |
| Number of Line Items | | 1 | | | | | | Total Value | 0.00 |

| Reporting Officer | 123 | ORTLIP, GREGORY | Approving Officer ( I ) |
|---|---|---|---|
| | | | ( Cover Pages Only ) |

| Approving Officer ( II ) | |
|---|---|
| ( Cover Pages Only ) | |



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 15SL-CC01619 |
|---|---|
| Plaintiff/Petitioner:<br>THEODORE J LOEFFLER<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>HOLLYWOOD CASINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE |
| Nature of Suit:<br>CC Other Miscellaneous Actions | CLAYTON, MO  63105                                   (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  GREGORY ORTLIP
Alias:

 11911 DORSETT RD
 MARYLAND HEIGHTS, MO  63043



**COURT SEAL OF**

**ST. LOUIS COUNTY**

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

14-MAY-2015
Date

Further Information:
LD

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
  Printed Name of Sheriff or Server                       Signature of Sheriff or Server

        Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____      _____
                                              Date                        Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 15-SMCC-3700     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                                         54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 15SL-CC01619 |
|---|---|
| Plaintiff/Petitioner:<br>THEODORE J LOEFFLER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>HOLLYWOOD CASINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Other Miscellaneous Actions | 7900 CARONDELET AVE<br>CLAYTON, MO  63105      (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **CITY OF MARYLAND HEIGHTS**
                     Alias:
                               **11911 DORESTT RD**
                               **MARYLAND HEIGHTS, MO  63043**

**COURT SEAL OF**



**ST. LOUIS COUNTY**

         You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
         **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>14-MAY-2015</u>
Date

Further Information:
LD

                                          *[signature]*
                                                 Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
                                      _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

        **Must be sworn before a notary public if not served by an authorized officer:**

        Subscribed and sworn to before me on _____ (date).

*(Seal)*

        My commission expires: _____      _____
                                  Date                             Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 15-SMCC-3699**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 15SL-CC01619 |
|---|---|
| Plaintiff/Petitioner:<br>THEODORE J LOEFFLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>HOLLYWOOD CASINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **MARYLAND HEIGHTS POLICE DEPARTMENT**
Alias:

        11911 DORSETT RD
        MARYLAND HEIGHTS, MO  63043



**COURT SEAL OF**

**ST. LOUIS COUNTY**

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

        14-MAY-2015
        Date

Clerk

        Further Information:
        LD

---

## Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
   Printed Name of Sheriff or Server             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                  Date                Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 15-SMCC-3698**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3698**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN D WARNER JR | Case Number:  15SL-CC01619 |
| Plaintiff/Petitioner:<br>THEODORE J LOEFFLER<br><br>             vs. | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>HOLLYWOOD CASINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE |
| Nature of Suit:<br>CC Other Miscellaneous Actions | CLAYTON, MO  63105          (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **HOLLYWOOD CASINO**
        Alias:

            **777 CASINO CENTER**
            **MARYLAND HEIGHTS, MO  63043**



**COURT SEAL OF**

**ST. LOUIS COUNTY**

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>14-MAY-2015</u>
Date                                             _____/Clerk

**Further Information:**
**LD**

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server                        Signature of Sheriff or Server

                **Must be sworn before a notary public if not served by an authorized officer:**

                Subscribed and sworn to before me on _____ (date).

*(Seal)*                My commission expires: _____   _____
                                 Date                        Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 15-SMCC-3697**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3697**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Return 5-13
6/13

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 15SL-CC01619 |
|---|---|
| Plaintiff/Petitioner:<br>THEODORE J LOEFFLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>HOLLYWOOD CASINO<br>Nature of Suit:<br>CC Other Miscellaneous Actions | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

FILED

MAY 27 2015

JOAN M. GILMER (Stamp)
CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

The State of Missouri to: **MARYLAND HEIGHTS POLICE DEPARTMENT**
Alias:

11911 DORSETT RD
MARYLAND HEIGHTS, MO 63043          *10 WONS*



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

14-MAY-2015
Date                                                    _____
                                                              Clerk
Further Information:
LD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   JO ANN COVA                    (name) CITY CLERK                    (title).
☐ other _____
                                                                          (address)
Served at S.A.A.
in ST. LOUIS 63043 (County/City of St. Louis), MO, on 5 MAY 14 2015 (date) at 1125 AM (time).
JAMES WONSEWITZ          James Wonsewitz
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____          _____
                                           Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

5/19/15



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number:  15SL-CC01619 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>THEODORE J LOEFFLER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO 63017 | **FILED** |
| Defendant/Respondent:<br>HOLLYWOOD CASINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | MAY 2 7 2015 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | JOAN M. GILMER<br>CIRCUIT CLERK, ST. LOUIS COUNTY |

## Summons in Civil Case

The State of Missouri to:  HOLLYWOOD CASINO
Alias:

　　　　　　777 CASINO CENTER
　　　　　　MARYLAND HEIGHTS, MO 63043

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
　　　　　SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**ST. LOUIS COUNTY**

__14-MAY-2015__
Date

Further Information:
LD

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to LAURA TILLE (name) REGULATORY COMPL. (title).
☐ other _____ (address).

Served at S.A.A.
in ST. LOUIS 63043 (County/City of St. Louis), MO, on 5-20-15 (date) at 10:05 AM (time).
JAMES WONSEWITZ　　　　　　　James Wonsewi(tz)
Printed Name of Sheriff or Server　　　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(date).
Subscribed and sworn to before me on _____

*(Seal)*

My commission expires: _____
　　　　　　　　　　　　　　Date　　　　　　　　　　　Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

*Refiled SBS 5-74*
*6/13*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 15SL-CC01619 |
|---|---|
| JOHN D WARNER JR | |
| Plaintiff's/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| THEODORE J LOEFFLER | THEODORE J LOEFFLER |
| | 1836 STILL HOLLOW |
| **vs.** | CHESTERFIELD, MO 63017 |
| Defendant/Respondent: | Court Address: |
| HOLLYWOOD CASINO | ST LOUIS COUNTY COURT BUILDING |
| | 7900 CARONDELET AVE |
| Nature of Suit: | CLAYTON, MO 63105 |
| CC Other Miscellaneous Actions | |

**FILED**

MAY 27 2015

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

The State of Missouri to: **GREGORY ORTLIP**
Alias:

**11911 DORSETT RD**
**MARYLAND HEIGHTS, MO 63043**     *10 WONSJ ß*

**COURT SEAL OF**



**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>14-MAY-2015</u>
Date

Further Information:
LD

*Joan M. Gilmer*
Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

MAY 14 2015

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to *JO ANN COVA* (name) *CITY CLERK* (title).
☐ other _____ (address)

Served at *S.A.A.* in *ST LOUIS 63043* (County/City of St. Louis), MO, on *5-20-15* (date) at *H25 AM* (time).

*JAMES WONSEWITZ*
Printed Name of Sheriff or Server

*James Wonsewitz*
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*Return SD 564*
*6/13*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 15SL-CC01619 | |
|---|---|---|
| Plaintiff/Petitioner:<br>THEODORE J LOEFFLER | Plaintiff's/Petitioner's Attorney/Address<br>THEODORE J LOEFFLER<br>1836 STILL HOLLOW<br>CHESTERFIELD, MO 63017 | **FILED** |
| vs. | | |
| Defendant/Respondent:<br>HOLLYWOOD CASINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | MAY 2 7 2015 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

**The State of Missouri to:  CITY OF MARYLAND HEIGHTS**
Alias:

11911 DORESTT RD
MARYLAND HEIGHTS, MO 63043

*10 WONSJ ᴮ*

**COURT SEAL OF**

*(seal)*

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

14-MAY-2015
**Date**

*(signature)*
Clerk

Further Information:
LD

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to  JoANN  COVA  (name) CiTY  CLeRK  (title).
☐ other _____

Served at  S.A.A,  MAY 1 4 2015  (address)
in  St. LoUIs 63043  (County/City of St. Louis), MO, on  5-20-15  (date) at  11:25 AM  (time).

JAMeS WoNSANOR  *(signature)*
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
Date                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

*5/18/15*

Electronically Filed - St Louis County - June 19, 2015 - 03:55 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

THEODORE J. LOEFFLER AND JOANNE ) 
C. LOEFFLER, )
 )
Plaintiffs, )
 )        Cause No:  15SL-CC01619
vs. )
 )        Division 15
HOLLYWOOD CASINO, MARYLAND )
HEIGHTS POLICE DEPARTMENT, CITY )
OF MARYLAND HEIGHTS, AND, )
INDIVIDUALLY, OFFICER GREGORY )
ORTLIP, )
 )
Defendants. )

## *DEFENDANTS CITY OF MARYLAND HEIGHTS, MARYLAND HEIGHTS POLICE DEPARTMENT AND OFFICER GREGORY ORTLIP'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS*

COME NOW Defendants, the City of Maryland Heights, Maryland Heights Police Department, and Maryland Heights Police Officer Gregory Ortlip, and for their Memorandum in Support of their Motion to Dismiss, state as follows:

Plaintiffs filed their Petition on May 11, 2015 *pro se* against these Defendants and against the Hollywood Casino.  In their Petition, the Plaintiffs allege that Plaintiffs, who are husband and wife, were the victims of false arrest, excessive force, physical injury, public ridicule and humiliation and extortion when Plaintiff Theodore Loeffler was confronted by casino employees at a gaming table.  It is alleged that Mr. Loeffler was advised he owed money to the casino when a dealer paid out $40.00 to Plaintiff that Plaintiff was not supposed to receive.  When the casino insisted that Plaintiff return the money, Plaintiff got up from the table and started to leave.

Electronically Filed - St Louis County - June 19, 2015 - 03:55 PM

Upon leaving, Plaintiff was met by two Highway Patrolmen who allegedly insisted on the return of the $40.00 and ordered Plaintiff to leave the casino.  Plaintiff alleges he was never ordered to leave the casino, but was leaving voluntarily.  Plaintiff alleges he was physically accosted by Officer Ortlip as he attempted to go to the rest room, was grabbed by the arm, and then tackled to the ground by Officer Ortlip, causing him to strike the ground and injuring his face and head.

Plaintiff was then allegedly walked by the police through the casino building in a manner that caused him embarrassment.  He further alleges that Officer Ortlip made joking and humiliating statements to Plaintiff, and was then taken to the Maryland Heights police station, when he was again subjected to insulting comments by the officer.  He was held in jail overnight and released the next day.  Plaintiff was charged in Municipal Court with the offenses of trespassing, resisting arrest and assault on a law enforcement officer.  These charges of trespassing and resisting were amended to littering and plaintiff paid two $500.00 fines on each amended charge.  The charge of assaulting a law enforcement officer was nolle prosequi.

Plaintiff's Petition is a rambling and argumentative statement of complaint, but fails to state the elements of any civil cause of action and fails to state any claim upon which relief can be granted.  For this reason, the Petition should be dismissed.

WHEREFORE, Defendants move the court to dismiss Plaintiffs' Petition against them, for their costs herein expended, and for such other and further relief as the court deems proper.

2

Electronically Filed - St Louis County - June 19, 2015 - 03:55 PM

Peter J. Dunne   #31482
Michael A. Langella  #67258
PITZER SNODGRASS, P.C.
Attorneys for Defendants Maryland Heights
Police Department, City of Maryland Heights,
and Officer Gregory Ortlip
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: langella@pspclaw.com

I, the undersigned, certify that the original pleading was signed by the attorney of record and a
copy of the foregoing has been electronically served on all counsel of record via the Missouri
eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this
_____ day of _____, 2015 to:

Mr. Theodore J. Loeffler
Mrs. Joanne C. Loeffler
Plaintiffs (Pro Se)
1836 Still Hollow Court
Chesterfield, Missouri 63017

3

Electronically Filed - St Louis County - June 19, 2015 - 03:55 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| THEODORE J. LOEFFLER AND JOANNE C. LOEFFLER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Cause No:  15SL-CC01619 ) ) Division 15 |
| HOLLYWOOD CASINO, MARYLAND HEIGHTS POLICE DEPARTMENT, CITY OF MARYLAND HEIGHTS, AND, INDIVIDUALLY, OFFICER GREGORY ORTLIP, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## *DEFENDANTS CITY OF MARYLAND HEIGHTS, MARYLAND HEIGHTS POLICE DEPARTMENT AND OFFICER GREGORY ORTLIP'S MOTION TO DISMISS*

COME NOW Defendants, the City of Maryland Heights, Maryland Heights Police Department, and Maryland Heights Police Officer Gregory Ortlip, and move the court enter its order dismissing Plaintiffs' Petition against them on the grounds Plaintiffs' Petition fails to state a cause of action or a claim upon which relief can be granted against these Defendants.

Defendants incorporate by reference their Memorandum in Support of their Motion to Dismiss.

WHEREFORE, Defendants move the court to dismiss Plaintiffs' Petition against them, for their costs herein expended, and for such other and further relief as the court deems proper.

Electronically Filed - St Louis County - June 19, 2015 - 03:55 PM

_____

Peter J. Dunne  #31482
Michael A. Langella  #67258
PITZER SNODGRASS, P.C.
Attorneys for Defendants Maryland Heights
Police Department, City of Maryland Heights,
and Officer Gregory Ortlip
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: langella@pspclaw.com

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 19th day of June , 2015 to:

Mr. Theodore J. Loeffler
Mrs. Joanne C. Loeffler
Plaintiffs (Pro Se)
1836 Still Hollow Court
Chesterfield, Missouri 63017

_____

2

{01410442.DOCX;1}

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

THEODORE J. LOEFFLER,                )
JOANNE C. LOEFFLER                   )
        Plaintiff,              )
                      )      Cause No. 15SL-CC01619
vs.                                  )
                      )      Division No. 15
HOLLYWOOD CASINO                     )
                      )
And                                  )
                      )
MARYLAND HEIGHTS POLICE              )
DEPARTMENT AND THE CITY OF           )
MARYLAND HEIGHTS AND OFFICER         )
GREGORY ORTLIP                       )
                      )
        Defendants.             )

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFFENDANT
ST. LOUIS GAMING VENTURES, LLC. D/B/A HOLLYWOOD CASINO TO
PLAINTIFFS' PETITION**

      COMES NOW Defendant, St. Louis Gaming Ventures, LLC, d/b/a Hollywood Casino,

by and through counsel HeplerBroom, LLC, and for its Answer and Affirmative Defenses to

Plaintiffs' Petition states as follows:


      1.     Defendant has insufficient information with which to admit or deny the averments

of paragraph 1 and therefore denies same.

      2.     Paragraph 2 of the Petition  is a statement that does not contain any averments

against this defendant and to which no response is required.  To the extent that any averment

contained in paragraph 2 of the Petition is deemed a factual averment against this defendant,

defendant denies such averments.

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

3.      Defendant denies the averments of paragraph 3.

4.      Paragraph 4 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 4 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

5.      Defendant has insufficient information with which to admit or deny the averments of paragraph 5 and therefore denies same.

6.      Defendant denies the averments of paragraph 6.

7.      Defendant has insufficient information with which to admit or deny the averments of paragraph 7 and therefore denies same.

8.      Defendant has insufficient information with which to admit or deny the averments of paragraph 8 and therefore denies same.

9.      Paragraph 9 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 9 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

10.      Paragraph 10 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 10 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

11.      Paragraph 11 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

contained in paragraph 11 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

12.     Paragraph 12 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 12 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

13.     Paragraph 13 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 13 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

14.     Paragraph 14 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 14 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

15.     Paragraph 15 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 15 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

16.     Paragraph 16 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 16 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

17.     Paragraph 17 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 17 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

18.     Paragraph 18 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 18 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

19.     Paragraph 19 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 19 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

20.     Paragraph 20 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 20 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

21.     Paragraph 21 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 21 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

22.     Paragraph 22 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

contained in paragraph 22 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

23.     Paragraph 23 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 23 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

24.     Paragraph 24 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 24 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

25.     Defendant has insufficient information with which to admit or deny the averments of paragraph 25 and therefore denies same.

26.     Defendant has insufficient information with which to admit or deny the averments of paragraph 26 and therefore denies same.

27.     Paragraph 27 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 27 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

28.     Paragraph 28 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 28 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

29.     Paragraph 29 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 29 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

30.     Paragraph 30 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 30 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

31.     Paragraph 31 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 31 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

32.     Paragraph 32 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 32 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

33.     Paragraph 33 of the Petition  is a statement that does not contain any averments against this defendant and to which no response is required.  To the extent that any averment contained in paragraph 33 of the Petition is deemed a factual averment against this defendant, defendant denies such averments.

## **GENERAL DENIAL**

Defendant denies generally each and every allegation directed against it contained in Plaintiff's Complaint not specifically admitted herein.

Electronically Filed - St Louis County - June 22, 2015 - 03:40 PM

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiffs' claims in their entirety, award Defendant its costs, and for such other and further relief as this Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS.**

HEPLERBROOM LLC

By: /s/ Gregg A. Kinney
        Gregg A. Kinney #45471
        211 North Broadway, Suite 2700
        St. Louis, MO 63102
        Telephone:  314-241-6160
        Facsimile:  314-241-6116
        gak@heplerbroom.com
        *Attorneys for St. Louis Gaming Ventures,*
        *LLC, d/b/a Hollywood Casino*

<u>**CERTIFICATE OF SERVICE**</u>

I herby certify that on the 22 day of June, 2015, I mailed and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Theodore J. Loeffler
Joanne C. Loeffler
Plaintiffs (Pro Se)
1836 Still Hollow Court
Chesterfield, MO 63017
(636) 537-5232

/s/Gregg A. Kinney

Electronically Filed - St Louis County - June 22, 2015 - 03:38 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| THEODORE J. LOEFFLER, | ) | |
| JOANNE C. LOEFFLER | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 15SL-CC01619 |
| vs. | ) | |
| | ) | Division No. 15 |
| HOLLYWOOD CASINO | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MARYLAND HEIGHTS POLICE | ) | |
| DEPARTMENT AND THE CITY OF | ) | |
| MARYLAND HEIGHTS AND OFFICER | ) | |
| GREGORY ORTLIP | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE AND JURY DEMAND**

Comes now Gregg A. Kinney of HeplerBroom LLC, and hereby enters his appearance on behalf of Defendants St. Louis Gaming Ventures d/b/a Hollywood Casino and hereby demands a trial by jury in this action.

HEPLERBROOM LLC

By: /s/ Gregg A. Kinney
     Gregg A. Kinney #45471
     211 North Broadway, Suite 2700
     St. Louis, MO 63102
     Telephone:  314-241-6160
     Facsimile:  314-241-6116
     gak@heplerbroom.com
     *Attorneys for St. Louis Gaming Ventures,*
     *LLC, d/b/a Hollywood Casino*

Electronically Filed - St Louis County - June 22, 2015 - 03:38 PM

## CERTIFICATE OF SERVICE

I herby certify that on the 22 day of June, 2015, I mailed and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Theodore J. Loeffler
Joanne C. Loeffler
Plaintiffs (Pro Se)
1836 Still Hollow Court
Chesterfield, MO 63017
(636) 537-5232

/s/Gregg A. Kinney

Electronically Filed - St Louis County - June 29, 2015 - 03:57 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| THEODORE J. LOEFFLER AND JOANNE C. LOEFFLER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No:  15SL-CC01619 ) ) Division 15 |
| HOLLYWOOD CASINO, MARYLAND HEIGHTS POLICE DEPARTMENT, CITY OF MARYLAND HEIGHTS, AND, INDIVIDUALLY, OFFICER GREGORY ORTLIP, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF HEARING

PLEASE TAKE NOTICE Defendants, the City of Maryland Heights, Maryland Heights Police Department, and Maryland Heights Police Officer Gregory Ortlip, will call up for hearing their Motion to Dismiss in Division 15 of the Circuit Court of St. Louis County on **Wednesday, August 19, 2015 at 8:30 a.m.** or as soon thereafter as the same may be heard by the Court.

*/s/ Peter J. Dunne*

Peter J. Dunne   #31482
Michael A. Langella #67258
PITZER SNODGRASS, P.C.
Attorneys for Defendants Maryland Heights
Police Department, City of Maryland Heights,
and Officer Gregory Ortlip
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: langella@pspclaw.com

Electronically Filed - St Louis County - June 29, 2015 - 03:57 PM

I, the undersigned, certify that the original pleading was signed by the attorney of record and a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 29th day of June, 2015 to:

Mr. Theodore J. Loeffler
Mrs. Joanne C. Loeffler
Plaintiffs (Pro Se)
1836 Still Hollow Court
Chesterfield, Missouri 63017

*/s/ Peter J. Dunne*

{01425189.DOCX;1}

RECEIVED AND FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2015 JUN 29  AM 10: 54

JOAN M. GILMER
CIRCUIT CLERK

THEODORE J. LOEFFLER          )
                             )
and                          )
                             )
JOANNE C. LOEFFLER,          )     Cause No.: 15SL-CC01619
                             )
     Plaintiffs,             )     Division:  15
                             )
vs.                          )
                             )
THE CITY OF MARYLAND HEIGHTS, )
THE POLICE DEPARTMENT OF MARY-)
LAND HEIGHTS, AND POLICEMAN  )
GREGORY ORTLIP,              )
                             )
     Defendants,             )
                             )
and                          )
                             )
HOLLYWOOD CASINO             )
(herein dismissed)           )

## DISMISSAL

Come now Plaintiffs Theodore J. and Joanne C. Loeffler and
hereby dismiss Hollywood Casino (Penn National Gaming), with
prejudice, as a Defendant to the above-styled action.  Hollywood
Casino (Penn National Gaming) is not liable or responsible for
any remedies claimed by Plaintiffs in their Petition filed on
May 11, 2015, and are unconditionally dismissed and released
as a Defendant in this matter.

Theodore J. Loeffler
Plaintiff
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232

Joanne C. Loeffler
Plaintiff
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232

## CERTIFICATE OF SERVICE

A copy of the foregoing was placed in an envelope with first-class postage prepaid and deposited in the United States Mail at Chesterfield, Missouri, on June 29, 2015 and addressed to:

Hollywood Casino
777 Casino Center Dr.
Maryland Heights MO 63043

Peter Dunne
Pitzer Snodgrass, P.C.
100 South Fourth St., Suite 400
St. Louis MO 63102
Attorneys for Defendants Maryland Heights
Police Department, City of Maryland Heights,
and Gregory Ortlip

Theodore J. Loeffler



RECEIVED AND FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2015 JUN 29 AM 10: 54

JOAN M. GILMER
CIRCUIT CLERK

THEODORE J. LOEFFLER )
)
and )
)
JOANNE C. LOEFFLER, )   Cause No.: 15SL-CC01619
)
    Plaintiffs, )   Division:  15
)
vs. )
)
THE CITY OF MARYLAND HEIGHTS, )
THE POLICE DEPARTMENT OF MARY- )
LAND HEIGHTS, AND POLICEMAN )
GREGORY ORTLIP, )
)
    Defendants, )
)
and )
)
HOLLYWOOD CASINO )
(herein dismissed) )

FILED

JUL 0 7 2015

JUAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

### DISMISSAL

Come now Plaintiffs Theodore J. and Joanne C. Loeffler and
hereby dismiss Hollywood Casino (Penn National Gaming), with
prejudice, as a Defendant to the above-styled action.  Hollywood
Casino (Penn National Gaming) is not liable or responsible for
any remedies claimed by Plaintiffs in their Petition filed on
May 11, 2015, and are unconditionally dismissed and released
as a Defendant in this matter.

Theodore J. Loeffler
Plaintiff
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232

Joanne C. Loeffler
Plaintiff
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232

So Ordered

7/7/15

## CERTIFICATE OF SERVICE

A copy of the foregoing was placed in an envelope with first-class postage prepaid and deposited in the United States Mail at Chesterfield, Missouri, on June 29, 2015 and addressed to:

Hollywood Casino
777 Casino Center Dr.
Maryland Heights MO 63043

Peter Dunne
Pitzer Snodgrass, P.C.
100 South Fourth St., Suite 400
St. Louis MO 63102
Attorneys for Defendants Maryland Heights
Police Department, City of Maryland Heights,
and Gregory Ortlip

Theodore J. Loeffler

**In the**

# CIRCUIT COURT

of St. Louis County, Missouri

Theodore and Joanne Loeffler
_____
Plaintiff(s)

vs.

City of Maryland Heights, et al.
_____
Defendant(s)

Date  8/19/15

Case Number  15SL-CC01619

Division  15

For File Stamp Only

FILED

AUG 1 9 2015

JUAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Defendants' Motion to Dismiss was called and heard. Defendants' Motion to Dismiss is dismissed without prejudice. Plaintiffs are given forty-five (45) days to file an amended petition. Amended Petition is due on October 14, 2015.

**SO ORDERED**

_____
Judge

ENTERED:  8/19/15
          (Date)

CCOPR47   Rev. 5/95

Michael Jangella          67258
Attorney                  Bar No.
100 S. 4th Street, St. Louis MO 63102
Address
421-5545
Phone No.                 Fax No.

_____
Attorney                  Bar No.
Joanne C. Loeffler
Address
_____
Phone No.                 Fax No.

RECEIVED AND FILED
CIRCUIT COURT OF
ST LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

2015 OCT 14 PM 9: 51

JOAN M. GILMER
CIRCUIT CLERK

THEODORE J. LOEFFLER          )
                              )
and                           )
                              )
JOANNE C. LOEFFLER,           )        Cause No. 15SL-CC01619
                              )
        Plaintiffs,           )        Division 15
                              )
vs.                           )
                              )
THE CITY of MARYLAND HEIGHTS, )
THE MARYLAND HEIGHTS POLICE   )
DEPARTMENT and, individually, )
OFFICER GREGORY ORTLIP,       )
                              )
        Defendants.           )

**AMENDED PETITION**

COME NOW Plaintiffs, Joanne C. and Theodore J. Loeffler, and in amendment to their cause of action and claim for relief against Defendants state the following:

1.  The Defendants named above moved to dismiss Plaintiffs' lawsuit against them (Cause No. 15SL-CC01619), and a hearing was conducted in the Court of Division 15 on August 19, 2015.

2.  The Court ruled that the Plaintiffs' lawsuit was dismissed "without prejudice," and gave the Plaintiffs forty-five days to file this Amended Petition, due by October 14, 2015.

3.  Having filed the original petition Pro Se, Plaintiffs were advised by the Court to seek legal counsel, and they did so.  Although having been provided valuable information and advice by this legal counsel, the Plaintiffs did not retain him further due to financial considerations.

4.  Therefore, still proceeding Pro Se, Plaintiffs hereby amend their initial Petition (Cause No. 15SL-CC01619) through

the presentation of additional facts and information not stated
previously in the initial filing of their Petition.  This add-
itional factual information clarifies and complements Plaintiffs'
cause of action and claim for relief against the Defendants
and supports all charges and allegations stated in Plaintiffs'
initial Petition, most of which appear in paragraph 4.  This
Amended Petition is intended to be incorporated with the initial
Petition and, in particular, paragraph 4 of the initial Petition.

5.   In that paragraph, Defendants are sued as parties guilty
of violating Plaintiffs' civil and constitutional rights, prim-
arily by arrest with absolutely no probable cause, and excessive
force and considerable physical injury to Plaintiff T. Loeffler,
among other stated allegations.

### COUNT:

**Claim by Plaintiffs of Deprivation, by Defendants, of Rights
Secured by the Fourth and Fourteenth Amendments to the Con-
stitution of the United States, Pursuant to 42 U.S.C.**

COME NOW Plaintiffs and for their Count of claim for relief
against Defendants allege and state as follows:

6.   Defendant Ortlip subjected Plaintiff T. Loeffler to
the deprivation of his Fourth Amendment right under the Consti-
tution of the United States, applied to the States via the Four-
teenth Amendment, to be free from unreasonable searches and
seizures of his person.  This seizure occurred on May 11, 2013,
when T. Loeffler was falsely arrested, absent probable cause,
by Ortlip who was unnecessarily and unreasonably excessive with
force, thusly causing considerable injury and false imprisonment
to Plaintiff T. Loeffler.

-2-

7. As a direct result of this unreasonable and unnecessary seizure, both Plaintiffs suffered degradation, humiliation, embarrassment and an invasion of privacy.

8. The conduct of Defendant Ortlip was intentional, outrageous, and demonstrated evil motive and a reckless indifference to Plaintiff T. Loeffler's rights and, beginning shortly thereafter, affected Plaintiff J. Loeffler's as well. Therefore, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully ask the Court to enter judgment in their favor and against Defendants and to award fair and reasonable compensatory and punitive damages against Defendants, and for any other legal and equitable relief that the Court deems appropriate.


Theodore J. Loeffler
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232
Plaintiff

Joanne C. Loeffler
1836 Still Hollow Ct.
Chesterfield MO 63017
(636) 537-5232
Plaintiff


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 14, 2015, a copy of the foregoing was mailed USPS to:
Pitzer Snodgrass, P.C.
100 South Fourth St.
St. Louis MO 63102

Theodore J. Loeffler