UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. LOEFFLER AND JOANNE C. LOEFFLER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 4:15-cv-01610 ) |
| THE CITY OF MARYLAND HEIGHTS, THE MARYLAND HEIGHTS POLICE DEPARTMENT, AND, INDIVIDUALLY, OFFICER GREGORY ORTLIP, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

## *MARYLAND HEIGHTS DEFENDANTS' MOTION TO DISMISS*

COME NOW Defendants City of Maryland Heights ("City"), Maryland Heights Police Department ("Department"), and Officer Gregory Ortlip ("Officer Ortlip"), collectively the "Maryland Heights Defendants", by and through their attorneys, and for their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

1. Plaintiff filed his Amended Petition on October 15, 2015.

2. Police departments are not suable entities under 42 U.S.C. 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, the Maryland Heights Police Department should be dismissed from this matter with prejudice.

3. Missouri law has long held that by filing an amended petition which is complete in itself (as plaintiff's amended petition is), a plaintiff *abandons* his former petition and all matters not restated in the amended petition. *Adams v. Lederle Labs.*, 569 F. Supp. 234,

{01508995.DOCX;1}

4. 239 (W.D. Mo. 1983). The same rule has been recognized with respect to federal pleadings. *Id.* at 239–40.

4. Plaintiff is disallowed from incorporating sections of his Petition since he has effectively abandoned his Petition by the filing of his Amended Petition.

5. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074–75 (8th Cir. 1996) (quoting *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). Plaintiff must therefore prove that City either (1) implemented, executed, and promulgated unconstitutional "policy"; (2) that there existed informal approval of a "custom" so widespread as to have the force of law that caused a constitutional deprivation; that City is liable for failing to adequately train and supervise. *See Monell*, 436 U.S. at 694.

6. Plaintiff's Amended Petition does not contain any allegations that a policy or custom of City was responsible for the alleged violation of Plaintiff's constitutional rights. Therefore, the Amended Petition fails to state a claim against City upon which relief can be granted.

7. In order for a plaintiff to sue a public official in his *individual* capacity, the plaintiff must "expressly and unambiguously state so in the pleadings...." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999); *see also Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir.1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

8. A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity.  *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

9. Plaintiff's Amended Petition does not expressly and unambiguously state that he is suing Officer Ortlip in his individual capacity.  *See Artis,* 161 F.3d at 1182.  Therefore, it is presumed that he is sued in his official capacity.  *Id.*

10. Since this suit is filed against Officer Ortlip in his official capacity, it is essentially a direct claim against City.  *See Veatch*, 627 F.3d at 1257.  As noted *supra*, Plaintiff has failed to allege that a City policy or custom led to the alleged deprivation of his constitutional rights.  Therefore, Plaintiff has failed to state a claim against Officer Ortlip upon which relief can be granted and his Amended Petition should be dismissed.

WHEREFORE, Maryland Heights Defendants respectfully request this Court to grant their Motion to Dismiss and for such other and further relief as this Court deemsn just and proper.

/s/Peter J. Dunne
Peter J. Dunne  #31482MO
Michael A. Langella   #67258MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 23rd day of October, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Theodore J. Loeffler
Mrs. Joanne C. Loeffler
Plaintiffs (Pro Se)
1836 Still Hollow Court
Chesterfield, Missouri 63017

                                                /s/Peter J. Dunne